# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY J. CAMPA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>L.D. ZAMORA, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO.   1:12-cv-01897-AWI-MJS (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

## **SCREENING ORDER**

**I.　PROCEDURAL HISTORY**

On November 19, 2012, Plaintiff Anthony J. Campa, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) His Complaint is now before the Court for screening.

**II.　SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III. SUMMARY OF COMPLAINT

Plaintiff is incarcerated and is representing himself in this action.  Under such circumstances, the Court is quite tolerant of clerical errors, problems of form and other non-substantive errors.  However, here Plaintiff's use of very small print, minimal spacing between words, and failure to double space between sentences renders the Complaint almost illegible.

Plaintiffs must submit "clearly legible" pleadings. Local Rule 130(b). This one is not. Plaintiff will be given an opportunity to file an amended complaint that is legible.

The following sections of this order notify Plaintiff of the general legal standards applicable to any future pleading.

///

## A. Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

## B. Formatting

Plaintiff's complaint must contain "**a short and plain statement** of the claim showing that [Plaintiff] is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2) (emphasis added). "Each allegation must be **simple, concise, and direct.**" Fed. R. Civ. P. 8(d)(1) (emphasis added). Local Rule 130(c) provides, in part, that "[d]ocuments shall be double-spaced except for the identification of counsel, title of the action, category headings, footnotes, quotations, exhibits and descriptions of real property." In submitting an amended complaint

in compliance with this order, Plaintiff must print legibly in a font size that is easily read and leave sufficient space between words.

Plaintiff is to keep in mind that he need not prove his case at this point or even refer to or identify evidence supporting it. His statements are taken as true at this stage of the proceedings.

Plaintiff attached approximately one-hundred and fifty-six pages of exhibits to the Compliant. Exhibits, while permissible if incorporated by reference, Fed. R. Civ. P. 10(c), are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). Exhibits should not be submitted with the pleading where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence. If this action reachesthe point at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity to submit evidence. It is not only unnecessary but counterproductive to submit excessive facts or exhibits at this stage. The excess distracts the Court's attention from the core elements of the claim which **should be capable of being expressed in one to five neatly typed or printed double-spaced pages**.

C.     **Defendants**

The Court also notes that Plaintiff has attributed numerous violations of his rights to seventeen different Defendants. To raise multiple claims in a single lawsuit, the joinder of the claims must be permitted by the Federal Rules of Civil Procedure. A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant.

4

**Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action."  Unrelated claims against different defendants must be brought in separate lawsuits**. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (emphasis added).  This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act.  28 U.S.C. § 1915(g).  Plaintiff is advised that if he opts to amend and raises factually unrelated claims against different defendants in a single action, the impermissibly joined claims will be severed and dismissed from this action.

Plaintiff's amended complaint must clearly state **for each Defendant** 1) who that Defendant is; 2) what that Defendant did; 3) what right that Defendant violated; and 4) how that Defendant's actions violated that right.  Defendants may not be sued collectively; each Defendant is only liable for the injuries caused by his or her own actions.  See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.")

## V.     CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983.  The Court will grant Plaintiff an opportunity to file an amended complaint.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the

5

alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed November 19, 2012;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:  July 29, 2013                           /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE