UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY J. CAMPA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>L.D. ZAMORA, et al.,<br><br>　　　　　Defendants. | Case No.  1:12-cv-01897-AWI-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO PROVIDE A CURRENT ADDRESS AND FAILURE TO PROSECUTE |

Plaintiff Anthony J. Campa, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF Nos. 1 & 5.) On March 5, 2015, the Clerk's Office mailed Plaintiff the Court's order dismissing his First Amended Complaint with leave to amend.  (ECF No. 20.)  On March 13, 2015, Plaintiff's mail was returned as undeliverable.  Plaintiff since has not provided the Court with his current address.

Local Rule 183(b) requires a party proceeding *pro se* to keep the Court apprised of his current address: "If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

Further, "[d]istrict courts have inherent power to control their dockets [and] . . . [i]n the exercise of that power, they may impose sanctions including, where appropriate,

default or dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules.  *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-63 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424-25 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the [C]ourt's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic alternatives."  *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423.

"The public's interest in expeditious resolution of litigation always favors dismissal."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (*quoting Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir.1999)).  Here, the Court's interest in managing its docket weighs in favor of dismissal because Plaintiff has failed to comply with the Local Rules and to prosecute the matter.  The Court cannot justify continuing to expend its scarce resources in such circumstances.  The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action.  *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal

discussed herein.  Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources.  Plaintiff has not responded to the Court's order or otherwise notified the Court of his current address.

Accordingly, it is HEREBY RECOMMENDED that the action be DISMISSED WITHOUT PREJUDICE, based on Plaintiff's failure to provide a current address and failure to prosecute.

These Findings and Recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen** (14) days after being served with these Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within **fourteen** (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   May 22, 2015                         /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE